IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALAN WALICEK, } | |
| } | |
| *Plaintiff*, } | Civil Action No. 4:07-cv-03750 |
| v. } | |
| } | |
| MUTUAL PROTECTIVE INSURANCE } | |
| COMPANY n/k/a MEDICO INSURANCE } | |
| COMPANY, } | |
| } | |
| *Defendant*. } | |

## OPINION AND ORDER

Presently before the Court are Plaintiff Alan Walicek's (Walicek) motion for leave to file a second amended complaint (Doc. 16) and motion to remand (Doc. 13) and Defendant Mutual Protective Insurance Company n/k/a Medico Insurance Company's (Medico) motion to dismiss pursuant to Fed. R. Civ. P. 9(b) (Doc. 19). For the reasons set forth below, the Court finds that Walicek's motions (Docs. 13 & 16) should be denied and that Medico's motion (Doc. 19) should be denied without prejudice.

I.       Background and Relevant Facts

On September 13, 2007, Walicek filed suit in the 400th District Court of Fort Bend County, Texas (Cause No. 07-CV-159214) for damages arising out of the denial of benefits under a long-term care insurance policy issued by Medico. Walicek alleges common law fraud, breach of contract, and violations of the Deceptive Trade Practices-Consumer Protection Act (DTP-CPA), TEX. BUS. & COM. CODE § 17.41 *et seq*. Medico timely filed a Notice of Removal (Doc. 1) with this Court. Because Walicek is a citizen of Texas, Medico is a Nebraska corporation, and the amount in controversy exceeds $75,000, Medico contends that the Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332.

Walicek subsequently moved to amend his complaint to add David Blomstrom (Blomstrom) as a defendant and assert claims against him for common law fraud, misrepresentation of policy coverage, and violations of the DTP-CPA. Blomstrom, a resident of Fort Bend County, Texas, sold Walicek the insurance policy at issue in this case. As such, Walicek contends that Blomstrom is an indispensable party and that the failure to join him could result in inconsistent judgments. Joining him would, however, defeat diversity jurisdiction and deprive the Court of jurisdiction to hear this case. Accordingly, Walicek has also moved to remand the case to state court.

Medico has opposed Walicek's motion for leave to file a second amended complaint (Doc. 16), as well as his motion to remand (Doc. 13). In its opposition papers, Medico argues that Blomstrom is not an indispensable party and that the claims against him are separate and distinct from those against Medico. Medico further contends that balancing the factors from *Hensgens v. Deer & Co.*, 833 F.2d 1179 (5th Cir. 1987), weighs in favor of a federal forum in the instant case.

Additionally, Medico has filed a motion to dismiss pursuant to Fed. R. Civ. P. 9(b) (Doc. 19) arguing that Walicek failed to plead his fraud claim with particularity and set forth the circumstances constituting fraud.

II.         Motion for Leave to File a Second Amended Complaint and Motion to Remand

If, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy the court's subject matter jurisdiction, the court may deny joinder, or it may permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). The Court has discretion when ruling on such a motion. *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991). In *Hensgens*, the Fifth Circuit articulated four factors for the district court to

consider when exercising its discretionary authority and balancing the original defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing *Hensgens*, 833 F.2d at 1182). These factors are as follows: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for an amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* (citing *Hensgens*, 833 F.2d at 1182). "[T]he balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Arthur v. Stern*, Civil Action No. H-07-3742, 2008 WL 2620116, at *4 (S.D.Tex. June 26, 2008) (quoting *Hensgens*, 833 F.2d at 1182; citing *Mayes v. Rappaport*, 198 F.3d 457, 462 (4th Cir. 1999) (stating that joinder of nondiverse parties is committed to the sound discretion of the district court under § 1447(e) and "thus this decision is not controlled by a Rule 19 analysis")).

Walicek argues that Blomstrom is an indispensable party and that the failure to join him could result in inconsistent judgments. However, because Walicek is a citizen of Texas, joining him would destroy diversity and divest this Court of jurisdiction. Accordingly, Walicek has also moved to remand this case. Medico, on the other hand, contends that Blomstrom is not an indispensable party and that the claims against him are separate and distinct from those against Medico. Medico further asserts that, after balancing the *Hensgens* factors, its interest in maintaining a federal forum is greater than Walicek's interest in avoiding multiple and parallel litigation. The Court agrees with Medico.

It appears that Walicek seeks to join Blomstrom for the purpose of destroying diversity jurisdiction. After all, Walicek knew of Blomstrom's existence and identity when he

filed his state court petition on September 13, 2007, and he did not name him as a defendant at that time.[1]  *See O'Connor v. Automobile Ins. Co.*, 846 F. Supp. 39 (E.D.Tex. 1994) (the court viewed "with much suspicion" the fact that the plaintiff knew about the agency's role yet failed to sue it in state court).  Walicek has not provided the Court with an explanation for his failure to do so.  For the same reasons, the Court finds Walicek's request to join Blomstrom is dilatory.  Walicek waited until ten (10) months after he filed a notice of removal with this Court to move to join Blomstrom.

Should the Court deny Walicek's motion, he will not be prejudiced.  The causes of action Walicek alleges against Blomstrom are separate and distinct from those he alleges against Medico, and he may pursue such allegations in state court.  Although Walicek would have to litigate these separate claims in separate proceedings, one federal and one state, this is not a significant injury under *Hensgens*.  *See Arthur*, 2008 WL 2620116, at *6 (citing *Apollo Alternative Fuels Co., LLC v. Energy Ventures Organization*, No. 3:06-CV-1278-L, 2007 WL 1002243, at *2 (N.D.Tex. March 31, 2007) ("While there will be additional costs associated with a parallel state action . . . Plaintiffs have wholly failed to state how they will be legally prejudiced."))).  There are no additional equitable factors that weigh in favor of adding Blomstrom as a party to this lawsuit.

The Court, therefore, finds that Medico's interest in a federal forum outweigh Walicek's interest in avoiding multiple and parallel litigation.  Accordingly, the plaintiff's motion for leave to amend and motion to remand must be denied.

---

[1] The evidence suggests that Bruce Walicek, the plaintiff's son, communicated with Blomstrom on January 31, 2007, via email and on March 27, 2007, via facsimile.  (Doc. 18 Exs. B & C).

III.	Motion to Dismiss Pursuant to Fed. R. Civ. P. 9(b)

Medico has filed a motion to dismiss pursuant to Fed. R. Civ. P. 9(b) wherein it contends that Walicek failed to plead his fraud claim with particularity and set forth the circumstances constituting fraud. Medico argues that Walicek's complaint merely raises general and conclusory allegations.

The Court references the allegations in Walicek's complaint so that it may assess the merits of Medico's motion. Walicek's common law fraud cause of action states as follows:

> 24. Plaintiff further shows that Defendant made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to his detriment.
>
> 25. Plaintiff would further show that Defendant concealed or failed to disclose material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.
>
> 26. As a proximate result of such fraud, Plaintiff sustained the damages described more fully herein below.

(Doc. 1 Ex. B at ¶¶ 24-26).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Fifth Circuit interprets Fed. R. Civ. P. 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d

552, 564-65 (5th Cir. 2002)). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

Walicek's complaint fails to specify the alleged fraudulent statements or withholdings, and it does not identify who allegedly made the statements or withheld material facts. Furthermore, the complaint does not indicate when or where such statements were made nor does it explain how they were fraudulent. The Court, therefore, finds that Medico's motion to dismiss pursuant to Fed. R. Civ. P. 9(b) should be denied without prejudice, and Walicek should be granted leave to amend his complaint to comply with the requirements of Fed. R. Civ. P. 9(b). If Walicek fails to do so, Medico may re-urge its motion at that time.

IV.     Conclusion

Accordingly, the Court hereby

ORDERS that Walicek's motion for leave to file a second amended complaint (Doc. 16) and motion to remand are DENIED. The Court further

ORDERS that Medico's motion to dismiss pursuant to Fed. R. Civ. P. 9(b) is DENIED without prejudice, and Walicek is GRANTED leave to amend his complaint within TWENTY (20) DAYS of the issuance of this Opinion and Order. Should Walicek fail to amend his complaint to comply with the requirements of Fed. R. Civ. P. 9(b), Medico may re-urge its motion to dismiss.

SIGNED at Houston, Texas, this 4th day of March, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE